UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT GAMBOA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C05-5465(JET)FDB

ORDER DENYING § 2255 MOTION

    Petitioner files this motion pursuant to 28 U.S.C. § 2255 challenging his April 14, 1993 conviction and sentence on four drug-related offenses including one count of conspiracy to distribute 50 grams or more of cocaine base and three counts of distribution of cocaine base. Any first 2255 motion was required to be filed on or before April 24, 1997.

    Petitioner Gamboa argues that his 2255 Motion is timely, and, additionally, asserts denial of his right to effective assistance of counsel, erroneous instruction to the jury that the contents of a stipulation to certain facts (weight and purity of the cocaine base) should be presumed to be true, and outrageous government conduct in government agents soliciting him to sell cocaine base rather than powder cocaine.

    In a direct appeal, Gamboa raised (1) an equal protection argument regarding crack versus

ORDER - 1

powder cocaine; (2) improper enhancement of his sentence because of the government agent's solicitation to sell cocaine base, and (3) failure of counsel to request a downward departure based upon sentencing entrapment, the record on which the court concluded .was not sufficiently developed to allow review on direct appeal as opposed to a 2255 motion.

On January 5, 1995, while the appeal was pending, Gamboa filed a Section 2255 motion, which the District Court dismissed without prejudice.

On November 29, 1995 Gamboa filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), which the District Court re-characterized as a 2255 motion and Denied on February 2, 1996.  Gamboa filed a motion for discovery and also objected to the re-characterization, and the Court struck the motion because the case had been dismissed.

Gamboa appealed arguing error in the mis-characterized of the Section 3582 motion and moved to file a second or successive 2255 motion on January 13, 1997.  The latter was denied without prejudice upon showing that the District Court would entertain a motion to amend the document construed as a Section 2255 motion; the District Court denied the motion on March 20, 1997.

On June 23, 1997, the Ninth Circuit agreed that the 3582 motion should not have been re-characterized as a Section 2255 motion and remanded with directions to amend the judgment to deny relief under Section 3582.

On September 12, 1997, Gamboa filed a 2255 motion, which the District Court denied as untimely on December 5, 1997, as such a motion was required to be filed on or before April 24, 1997.  Certificate of appealability was denied on March 15, 1998 by the District Court and denied on May 15, 1998 by the Ninth Circuit.  Meanwhile, Gamboa filed a motion with the Ninth Circuit for leave to file a second or successive 2255 petition.  Gamboa sought such permission again on September 5, 2001.

On October 29, 2002, Gamboa filed another 2255 motion raising the issue that the mis-

ORDER - 2

characterization of the 3582 motion prevented him from fiing a timely Section 2255 motion, and he sought equitable tolling of the AEDPA time limits. The District Court denied this motion on November 13, 2002.

Gamboa argues that the District Court's refusal to allow him to amend the re-characterized 3582 motion created an impediment that prevented him from timely filing his first 2255 motion.

Nevertheless, the denial of the motion to amend occurred on March 20, 1997, and Gamboa could have then simply filed a 2255 motion, even while the appeal of the re-characterization was pending in the Ninth Circuit, because the pendency of the appeal of the motion pursuant to 18 U.S.C. § 3582(c)(2) did not deprive the District Court of jurisdiction to consider a Section 2255 motion. Moreover, Gamboa filed a "first" 2255 petition on September 12, 1997 that was found to be untimely, then appealed to the Ninth Circuit. Any claim for equitable tolling should have been made at that time. In the 2255 motion that he filed on October 29, 2002, Gamboa did raise an equitable tolling argument similar to that argued herein, but the motion was denied and not appealed.

Under these circumstances, equitable tolling is not warranted and this 2255 motion must be dismissed.

ACCORDINGLY, IT IS ORDERED: Petitioner's Motion to Vacate or Set Aside Pursuant to Castro v. United States 157 L. Ed. 2d 778 and 28 U.S.C. § 2255 is DENIED, and this cause of action is DISMISSED.

DATED this 13th day of January, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3